Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6215 | **DATE** | 9/25/2002 |
| **CASE TITLE** | Intl Paper Co vs. Androscoggin Energy et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **ENTER MEMORANDUM OPINION:** Defendant AELLC's motion (Doc 75-1) to strike is denied. The Court's earlier order granting the motion to strike is vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 26 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 83 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 SEP 25 PM 4:16 | | |
| | SCT   courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice   mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL PAPER COMPANY, )
a New York corporation, )
 )
 )
Plaintiff, )
 )
 )
vs. ) 00 C 6215
 )
ANDROSCOGGIN ENERGY LLC, a Delaware )
Limited Liability Company; POLSKY ENERGY )
CORPORATION OF MAINE, INC., an Illinois )
corporation; and ANDROSCOGGIN ENERGY, )
INC, an Illinois corporation, )
 )
Defendants. )

DOCKETED
SEP 2 6 2002

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on a motion to strike. Defendant Androscoggin Energy LLC ("AELLC") moves to strike certain exhibits in support of Plaintiff International Paper Company's ("IP's") motion for summary judgment. The court originally granted this motion, but has agreed to reconsider the motion pursuant to its September 5, 2002, order. For the reasons set forth below, the court vacates its September 3, 2002, order and denies Defendant's motion to strike the exhibits.

## BACKGROUND

IP has a mill in Androscoggin, Maine, that demands a source of electric power and steam for it to operate. In 1996 and 1997, AELLC and IP negotiated a project (the "Project") in which AELLC would construct, own, operate, and maintain a facility at IP's mill for the purpose of producing electric power and steam for sale to IP. Eventually, AELLC and IP entered into a contract ("First Contract") under which AELLC would provide steam to IP for a period of twenty years. The price of the steam would be based on the average weighted delivered price of natural gas from four natural gas suppliers. At the time, the four suppliers were under ten-year contracts to provide natural gas to AELLC at fixed prices with fixed escalations.

One of the suppliers, Rio Alto Exploration, Ltd. ("Rio Alto") provided over one-third of the total natural gas allotted for the Project. Because AELLC failed to meet its obligations under its contract with Rio Alto, Rio Alto terminated the contract between them on May 8, 1998. AELLC opposed Rio Alto's termination but lost at arbitration. Because of the termination of the Rio Alto-AELLC contract, the price of natural gas available to AELLC increased, which, in turn, eventually increased the price of steam provided to IP. AELLC allegedly never informed IP of the Rio Alto-AELLC contract termination until August 31, 1998.

After the Rio Alto-AELLC contract was terminated but before IP learned of the termination, AELLC and IP entered into another contract (the "Second Contract") which adopted the First Contract in its entirety as of a new effective date, namely May 29, 1998.

The First Contract and, therefore, the Second Contract contained representations by AELLC that there were no pending or threatened actions, suits, arbitrations or the like against AELLC that would materially and adversely affect AELLC. They also contained representations that AELLC was not in breach of any material contracts, and that AELLC would not terminate or modify its contracts with the natural gas suppliers, and, if it did, it would provide notice to IP.

On October 10, 2000, IP filed suit against AELLC for breach of contract and negligent misrepresentation based on AELLC's alleged failure to inform IP of the situation with Rio Alto at the time of entering into the Second Contract and on AELLC's affirmative misrepresentations in the Second Contract.

IP moved for summary judgment, and AELLC now moves to strike certain exhibits in support of IP's summary judgment motion for lack of authentication and inadmissibility.

## LEGAL STANDARD

The decision whether or not to grant a motion to strike the exhibits in support of IP's motion for summary judgment is within the discretion of the court. *See Stinnett v.*

*Iron Works Gym/Executive Health SPA, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002) ("We review the district court's grant of a motion to strike for abuse of discretion.") (citing *Winfrey v. City of Chicago*, 259 F.3d 610, 618-19 (7th Cir. 2001)).

## DISCUSSION

AELLC moves to strike Exhibits 5, 11, 15, 17, 18, 20, 22-25, and 27-29 because they are not properly authenticated. Additionally, AELLC moves to strike certain portions of Exhibit 5 because those portions contain "inadmissible statements and commentary by members of the arbitration panel."[1] Defendant's Motion to Strike Exhibits at ¶ 8.

Rule 901 of the Federal Rules of Evidence states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims it to be." Fed. R. Evid. 901(a). IP states, and AELLC does not refute, that all of the documents at issue were produced by AELLC. A party's "very act of production [i]s implicit authentication." *United States v. Brown*, 688 F.2d 1112, 1116 (7th Cir.1982); *See also South Cent. Bank and Trust v. Citicorp Credit Servs.*, 863 F. Supp. 635, 646 (N.D. Ill. 1994) ("[T]he court finds that the fact that CCSI produced the draft

---

[1] AELLC advances additional grounds for striking certain exhibits in its reply brief. Because AELLC failed to raise these additional grounds prior to its reply brief, the court declines to address them.

letter suffices to authenticate the letter and establish that it was drafted by a CCSI agent acting within the scope of his or her employment at CCSI."); *In re Greenwood Air Crash*, 924 F. Supp. 1511, 1514 (S.D. Ind. 1995) ("Production of a document by a party constitutes an implicit authentication of that document."). Thus, the court finds that all of the Exhibits at issue have been authenticated.

With respect to AELLC's motion to strike portions of Exhibit 5 because they contain "inadmissible statements and commentary by members of the arbitration panel," AELLC fails to state a grounds for striking anything. AELLC has not identified exactly what portions of Exhibit 5 are inadmissible. Moreover, AELLC has not stated any grounds for why any portions are inadmissible. Bearing in mind that Exhibit 5 is 1650 pages long, the Court declines AELLC's invitation to do its work for it.

## CONCLUSION

Based on the foregoing analysis, Defendant AELLC's motion to strike is denied. The Court's earlier order granting the motion to strike is vacated.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: September 25, 2002