Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6215 | **DATE** | 8/12/2003 |
| **CASE TITLE** | | Intl Paper Co vs. Androscoggin Energy | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny both AELLC's motion (Doc 148-1) for reconsideration and its motion (Doc 148-2) for Rule 54(b) certification.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 13 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 154 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | AUG 13 2003 | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL PAPER COMPANY, a New )
York corporation, )
)
     Plaintiff, )
)
  vs. ) 00 C 6215
)
ANDROSCOGGIN ENERGY LLC, a Delaware )
limited liability company, )
)
     Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Defendant Androscoggin Energy LLC's ("AELLC") motion to reconsider our previous ruling dismissing Counts I and II of its Amended Counterclaim, or, alternatively, to direct a final judgment as to those counterclaims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, we deny both motions.

DOCKETED
AUG 1 3 2003

## BACKGROUND

The facts of this case have been elaborated in several prior decisions. *See Int'l Paper Co. v. Androscoggin Energy LLC*, 2003 WL 21468623 (N.D. Ill. June 20, 2003); *Int'l Paper Co. v. Androscoggin Energy LLC*, 2002 WL 31507176 (N.D. Ill. Nov. 8,

154

2002). For brevity's sake, we presently only describe facts relevant to the instant motions. Plaintiff International Paper Company ("IP") contracted to purchase steam from AELLC for a period of twenty years. On IP's motion for partial summary judgment, we held that AELLC was in breach of the contract. (Dkt. No. 96). The issue of damages remains to be decided. After, we found AELLC in breach, AELLC filed counterclaims alleging that IP was also in breach for withholding money from the monthly steam payments it charges IP. For reasons not presented to the court, the parties have maintained their contractual relationship. Thus, each party accuses the other of breaching the contract all the while choosing to continue to operate under the contract, which will not expire under its own terms for approximately fifteen years. AELLC continues to provide steam to IP, and IP continues to purchase the steam under the terms of the contract. Each month, AELLC bills IP for the steam. In April 2003 IP deducted over $2 million from its steam payment to AELLC for steam delivered the previous month. IP deducted the money for three reasons:

(1) $1,280,150.95 for attorney fees and expenses allegedly incurred by IP during the litigation thus far;

(2) $799,000 for IP's estimate of the portion of a refund AELLC received from Portland National Gas Transmission System ("PNGTS") that should have flown through to IP; and

(3)     $72,871.99 for a disputed portion of the steam payment.

Based on these deductions, AELLC amended its counterclaim to add claims for equitable relief. IP moved to dismiss the equitable claims from the Amended Counterclaim. We granted the motion finding that the counterclaims are really breach of contract claims improperly couched as equitable claims and not authorized by the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. (Dkt. No. 147). AELLC now moves to reconsider our dismissal or, alternatively, to direct final judgment status as to its dismissed counterclaims so it may immediately appeal our dismissal.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Motions for reconsideration under Rule 59(e) are designed "to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit*

Corp., 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

### I. Motion to Reconsider

In its motion to reconsider, AELLC states that we erred for the following reasons:

1. We mischaracterized and misunderstood AELLC's counterclaims;

2. Our ruling was *sua sponte* in that it turned on an issue not before us;

3. Our ruling is one-sided in that we held that IP is free to pursue a declaratory judgment suit but AELLC is not; and

4. Our ruling is contrary to controlling case law.

AELLC is incorrect in all respects.

First, AELLC argues that we failed to recognize, and that we mischaracterized, the equitable relief it sought. Specifically, AELLC argues that we did not understand that it sought a declaratory judgment with respect to IP's future conduct. AELLC states that we thought it only wanted a declaratory judgment that IP's past conduct (i.e. withholding monies from the steam payments) were in violation of the contract.

-4-

AELLC's argument is not correct. In dismissing the very claims that AELLC now argues we misunderstood, we said the following:

> To the extent that AELLC believes IP will take further future action in violation of the [contract], AELLC has no cause of action unless and until IP takes such action.

(Dkt. No. 147). The above quotation speaks for itself. We completely comprehended and accurately represented AELLC's prayer for relief.

Next, AELLC claims that our interpretation of the Declaratory Judgment Act was *sua sponte*. There was nothing *sua sponte* about our ruling. The motion before us was a motion to dismiss declaratory judgment claims. Clearly, the Declaratory Judgment Act was at issue. Indeed, IP expressly argued that AELLC's counterclaims were contrary to the purpose of the Declaratory Judgment Act and cited case law (*Household Fin. Servs., v. Northern Trade Mortgage*, 1999 WL 782072, at *3 (N.D. Ill. Sept. 27, 1999)), that we relied upon. In its opposition to the motion to dismiss, AELLC directly responded to IP's argument and addressed the *Household* case. Our decision was not *sua sponte*.

AELLC also attempts to paint our decision as grossly one-sided. AELLC states that we held that "IP could pursue a declaratory suit relating to the set-off issue, but AELLC could not." AELLC Memo. at 6. This is untrue. Either side is free to pursue declaratory suits so long as they frame them in a manner that the Declaratory Judgment

Act permits. When we dismissed the counterclaims, we acknowledged AELLC's accurate statement of the purpose of the Declaratory Judgment Act and then explained why AELLC's counterclaims did not fulfill that purpose:

> AELLC correctly states that "[t]he purpose of the [Declaratory Judgment] Act is to enable parties to understand their rights and liabilities so that they can adjust their future action to avoid accruing avoidable damages." (AELLC Opp. at 6-7 (citing *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577 (7th Cir. 1994)); *Household Fin. Servs.*, 1999 WL 782072 at *2; *see also Certified Grocers Midwest v. New York Life Ins.*, 814 F. Supp. 34 (N.D. Ill. 1992) (declaratory judgment allows a plaintiff to clarify uncertain contractual rights prior to exercising them). AELLC's claims, however, do not further the purpose of the Act. AELLC does not seek a declaratory judgment that would clarify its rights and obligations under the [contract] in order to avoid accruing avoidable damages; it is seeking a declaratory judgment that would clarify *IP's* rights and obligations so that *IP* could avoid accruing avoidable damages. It is IP, not AELLC, that is allegedly accruing damages by making these set-offs. If IP wanted to know whether such set-offs were contractually permitted before taking them (and potentially exposing itself to liability), it could have instituted a declaratory judgment suit. AELLC, however, cannot bring a declaratory judgment suit on behalf of its adversary. To the extent IP has taken action in violation of the [contract], AELLC's cause of action is for breach of contract. *See Household Fin. Servs.*, 1999 WL 782072 at *3 (dismissing declaratory judgment suit incorrectly couched as a breach of contract action). To the extent that AELLC believes IP will take further future action in violation of the [contract], AELLC has no cause of action unless and until IP takes such action. In essence, a declaratory judgment suit allows a party to ask the court if it can do something without incurring liability. It does not permit a party to ask if an adversary can do something without incurring liability.

(Dkt. No. 147 at 7-8). In response to our ruling and to the above language, AELLC attempts to show that resolution of its counterclaims would permit it to adjust its future conduct while avoiding liability exposure. If IP's withholding constitutes an "Event of Default" under the contract, AELLC is entitled to take certain actions in response, including termination of the contract. If, however, AELLC treats IP's conduct as an Event of Default not knowing whether it constitute the same, AELLC will have exposed itself to the risk of being in breach of the contract. Thus, AELLC claims that resolution of its counterclaims would allow it to determine whether or not it may treat IP's withholding as an Event of Default without exposing itself to possible liability.

As stated above, either side is free to pursue declaratory suits so long as they frame them in a manner that the Declaratory Judgment Act permits. If AELLC wants to take certain actions such as terminating the contract, it should file (if given leave) an amended counterclaim for declaratory judgment that it can terminate the contract without being in breach. Such a counterclaim would allow AELLC to adjust its future action (for example, declare a default and terminate the contract or, alternatively, maintain the contract) so as to avoid accruing avoidable damages (for example, breaching the contract by terminating it impermissibly).

Finally, AELLC simply reargues that case law supports its position. There is nothing in the case law AELLC cites, however, that indicates we made a manifest error

of law–the threshold requirement to a motion to reconsider based on legal error. Accordingly, the motion to reconsider is denied.

## II. Motion to Direct Final Judgment

Pursuant to Rule 54(b), AELLC requests us to direct a final judgment of our dismissal of Counts I and II of its Amended Counterclaim so it may pursue an immediate appeal of our ruling. There are three requirements that must be satisfied before we may direct a final judgment under Rule 54(b): (1) the action involves separate claims; (2) there is a final decision as to at least one of these claims; and (3) we make an express determination that there is no just reason for delay. *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1083 (7th Cir. 1992).

We do not find that there is no just reason for delay. We dismissed the counterclaims at issue without prejudice. With leave of the court, AELLC could bring amended counterclaims for breach of contract on the same set of facts or even for declaratory judgment if framed consistently with the purposes of the Declaratory Judgment Act. Furthermore, we find that granting the motion would only delay and further complicate a complete and final resolution of the litigation between the parties.

## CONCLUSION

Based on the foregoing analysis, we deny both AELLC's motion for reconsideration and its motion for Rule 54(b) certification.

／s／ Charles P. Kocoras
Charles P. Kocoras
Chief Judge
United States District Court

Dated: AUG 1 2 2003